UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK GRAPES,** | : | **CIVIL NO. 3:12-CV-1442** |
| Petitioner, | : | (Judge Mariani) |
| v. | : | |
| **WARDEN SAUERS,** | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Mark Grapes ("Petitioner" or "Grapes"), a federal inmate presently confined at the Federal Correctional Institution Allenwood Low ("FCI Allenwood Low") in White Deer, Pennsylvania, initiated the above action pro se by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) Grapes, who is serving a 147 month sentence imposed by the United States District Court for the Northern District of West Virginia following that Court's acceptance of Grapes' guilty plea to drug and firearms charges, alleges that he is actually innocent of the firearm related charges under 18 U.S.C. § 924(c), and that "[t]he District Court that initially imposed the sentence in this case made § 2255 inadequate and ineffective" to raise his claim. (See id. at 1, 2.) Grapes has paid the required $5.00 filing fee. (See Doc. 4.) For the reasons set forth herein, the Petition will be dismissed for lack of subject matter jurisdiction.

I. **Factual Background**

The following background concerning Grapes' conviction and sentence has been gleaned from his Petition; his Exhibit to the Petition, which is a copy of a June 1, 2009 Order entered by

Magistrate Judge John S. Kaull of the Northern District of West Virginia denying Grapes' Motion for Sentencing Transcripts; and from documents filed to the docket in Criminal Case No. 2:05-CR-00011 in the Northern District of West Virginia.

On July 19, 2005, United States District Judge Robert E. Maxwell of the Northern District of West Virginia accepted Grapes' plea of guilty to one count of distribution of approximately 3.5 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and one count of "use, carry, and possession" of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). (See Doc. 1 at 1; Doc. 1-1 at 1; Criminal No. 2:05-CR-00011, Docs. 53, 64, 65, 119.[1]) On October 18, 2006, Grapes was sentenced by Judge Maxwell to a term of imprisonment of 147 months. (See Doc. 1-1 at 1; Criminal No. 2:05-CR-00011, Doc. 86, Judgment of Sentence.)

The docket in Grapes' criminal case reveals that he neither filed a direct appeal to the United States Court of Appeals for the Fourth Circuit nor a motion to vacate, set aside, or correct his sentence under the provisions of 28 U.S.C. § 2255.

On July 6, 2007, nearly nine (9) months after his sentence was imposed, Grapes filed a Motion for Sentencing Transcripts. (Criminal No. 2:05-CR-00011, Doc. 98.) By Order dated June 1, 2009, Grapes' Motion was denied inasmuch as he did not assert a reason in support of his request for free copies of his sentencing transcripts, there was no pending appeal, and there was no § 2255 motion pending before the Court. (Id., Doc. 110.) In explaining its denial, the Court

---

[1] See United States District Court for the Northern District of West Virginia, Criminal No. 2:05-CR-00011 (N.D. W. Va.), available through www.pacer.gov

observed that the Fourth Circuit Court of Appeals has held that a motion for a free transcript is not even ripe until a motion to vacate, set aside, or correct sentence has been filed. (Id., Doc. 110 at 2 (citing U.S. v. Bumpus, 125 Fed. Supp. 2d 190, 191 & n.2 (S.D. W.Va. 2001) (citing In re: O'Kane, 91 F.3d 132, 1996 WL 379674, at *1 (4th Cir. June 27, 1996))).)

Over one (1) year after the denial of his request for transcripts, on October 6, 2010, Grapes filed a motion with the sentencing court under the provisions of Federal Rule of Civil Procedure 60(b). (Id., Doc. 112.) In his motion, Grapes requested an amendment of the judgment of conviction such that the two terms of imprisonment that had been imposed for the two counts to which he pled guilty would run concurrently to each other. (Id.) By Order dated November 10, 2010, Grapes' motion was denied. (Id., Doc. 113.)

On November 17, 2010, Grapes appealed from the denial of his Rule 60(b) Motion to the United States Court of Appeals for the Fourth Circuit. (Id., Doc. 115.) In an Order entered on January 21, 2011, the Circuit Court affirmed the District Court's Order. (Id., Doc. 120.) In its accompanying opinion, the Circuit Court explained that the Federal Rules of Civil Procedure do not provide a vehicle for Grapes to challenge his criminal judgment. (Id., Doc. 119.) The Court further determined that Grapes could not properly have sought reconsideration under the Federal Rules of Criminal Procedure inasmuch as the only applicable rule, Federal Rule of Criminal Procedure 35, authorizes reconsideration within fourteen (14) days of entry of a judgment of sentence only to correct arithmetical, technical, or other clear error. (Id.)

Grapes filed the instant Petition with this Court on July 26, 2012.

3

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). See, e.g., Patton v. Fenton, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

The proper method for an individual convicted in federal court to challenge the validity of his federal conviction and sentence is first to file a notice of appeal to the appropriate court of appeals. If an individual wishes to further challenge his federal conviction after the court of appeals has disposed of his appeal and his judgment of sentence has become final, the proper method to do so is to file a motion with the sentencing court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Motions filed pursuant to § 2255 are the exclusive

means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws, or that is otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 693 (3d Cir. 1954). Habeas relief under 28 U.S.C. § 2241 only is available to a petitioner if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Okereke, 307 F.3d at 120; In re Dorsainvil, 119 F.3d at 251.

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. Rather, the "safety valve" provided under § 2255 is extremely narrow and has only been applied in unusual situations, such as those in which a prisoner has had **no prior opportunity** to challenge his conviction for conduct later deemed to be noncriminal by a change in law. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251) (emphasis added).

Applying the foregoing principles here, we find that Grapes has not demonstrated that the remedy provided under § 2255 would be inadequate or ineffective to test the legality of his detention. In the instant Petition, Grapes alleges that he is actually innocent of the second set of charges to which he pled guilty, namely the firearms charges under § 924(c), because "there were no drugs seized at the time of the traffic stop from his truck or his person", and "[t]he firearm was

5

found behind the seat of the truck." (See Doc. 1 at 2-3.) Grapes further asserts that the grand jury transcripts and report of investigations would have shown that there was no "active employment of a firearm" to support a conviction under § 924(c), and that he could not have filed a § 2255 motion without evidence from the record alleging deficient performance of counsel and abuse of discretion by the sentencing court in allowing the guilty plea to proceed. (See id. at 3, 9.)

Grapes also submits that the Court's delay in disposing of his Motion for Transcripts made the remedy afforded by § 2255 inadequate or ineffective to assert his claim because it is impossible to file a direct appeal or a § 2255 motion without transcripts of the record. (See id. at 3-4.) He further suggests that the Order denying his request for transcripts, which was entered by a Magistrate Judge, was not appealable to the Circuit Court, and that the Magistrate Judge failed to advise him of a right to file objections with the District Court. (See id. at 4.) Grapes claims that his inability to object because of a delay in the entry of the Order, and his ignorance of his right to do so, made § 2255 unavailable such that the "safety valve" provided under that section has opened to allow him to file the instant Petition under the provisions of 28 U.S.C. § 2241. (See id. at 4-5.)

In support of his claim that he is actually innocent of "use" of a firearm, Grapes asserts that, because the firearm was found behind the seat of his truck, there is no evidence of "use" of a firearm to support a conviction under § 924(c)(1), which he alleges is a required element pursuant to Bailey v. United States, 516 U.S. 137 (1995). (See id. at 3.) In Bailey, the Supreme Court held that "924(c)(1) requires evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense."

Bailey, 516 U.S. at 143 (emphasis in original). Grapes alleges that, based upon the holding in Bailey, where the firearm was found behind the seat of his truck, his "active employment" of the firearm cannot be established, and therefore, he is actually innocent of the charges under § 924(c). (See id. at 3, 9.)

Grapes' arguments are unavailing for two reasons. First, Bailey was decided over ten (10) years before Grapes' conviction, and he therefore fails to demonstrate that his claim asserted in the instant Petition is based upon an intervening change in the law that rendered his conduct non-criminal such that he could not have raised his claim earlier. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Secondly, and more significantly, we observe that, in response to the Supreme Court's decision in Bailey, in 1998, Congress broadened the provisions of § 924(c)(1) to criminalize not just the "use" or "carrying of" a firearm, but also the "possession" of a firearm in furtherance of a drug trafficking crime. See 18 U.S.C. § 924(c)(1)(A); Watson v. United States, 552 U.S. 74, 77 & n.3 (2007) (discussing broadening of § 924(c)(1) after Bailey)). In the case at hand, Count 26 of the Second Superseding Indictment, which was one of the counts to which Grapes entered his guilty plea, specifically charged Grapes with "Use, Carry and **Possession** of a Firearm During and In Relation to and in Furtherance of a Drug Trafficking Crime." (See Criminal No. 2:05-CR-00011, Doc. 53, Second Superseding Indictment, at 27 (emphasis added).[2])

Based on the foregoing, in relying on Bailey in support of his contention that he is entitled

---

[2]See supra n.1.

7

to proceed on the instant § 2241 habeas petition because he is actually innocent inasmuch as there was no evidence to support his "use" of a firearm, Grapes seemingly ignores that § 924(c) also criminalizes the "possession" of a firearm. Further, where he admits that the firearm was found behind the seat in his truck, Grapes fails to demonstrate that he was actually innocent of "possessing" a gun in furtherance of a drug trafficking crime so as to support his ability to proceed under § 2241.

Notwithstanding the merits of his claim, we also find that it is one that could have been asserted by Grapes in a direct appeal from his judgment of sentence or in a motion filed under the provisions of 28 U.S.C. § 2255. In the instant Petition, Grapes attempts to place the blame for his failure to file a 2255 motion on the Magistrate Judge who denied his Motion for Transcripts. He first claims that the Magistrate Judge's Order denying the Motion was entered nearly two (2) years after the Motion was filed, and that, by the time the Order was entered, the time for filing a § 2255 motion had expired. (See Doc. 1 at 3, 4.) Grapes claims that he could not file a § 2255 motion without the transcripts. However, where Grapes has been able to articulate the basis for the claim that he could have made in a § 2255 motion in the instant Petition, he fails to demonstrate that he lacked the ability to file a § 2255 motion asserting these claims during the required time period.

Grapes also claims that the Magistrate Judge committed a procedural error in failing to advise him that he had a right to file an objection with a District Court Judge regarding the decision denying free transcripts. (See Doc. 1 at 3.) However, it is clear upon review of the Magistrate Judge's decision (see Doc. 1-1) that it is an Order, rather than a Report and Recommendation to

8

which the parties could file objections and that would require adoption or rejection via a court order entered by a District Court Judge. Therefore, to the extent Grapes disagreed with the Order, his remedy would have been to file an appeal to the Fourth Circuit Court of Appeals. Moreover, the fact that over one (1) year passed between the issuance of the Court's June 1, 2009 Order denying Grapes' request for transcripts, and Grapes' filing of his Rule 60(b) motion on October 6, 2010, suggests a lack of diligence on Grapes' part in pursuing any form of relief.

As a final point, we observe that the mere fact that Grapes now is barred by the one (1) year statute of limitations from pursuing his claim through a § 2255 motion does not make the remedy afforded under that section inadequate or ineffective so as to allow him to proceed on the instant petition. See Cradle, 290 F.3d at 539. If a defendant improperly challenges his federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971); Hill v. Williamson, 223 Fed. Appx. 179, 180 (3d Cir. 2007). Accordingly, we must summarily dismiss the instant Petition under Rule 4 of the Habeas Corpus Rules for lack of jurisdiction. An appropriate Order follows.

_____
Robert D. Mariani
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK GRAPES,** : | **CIVIL NO. 3:12-CV-1442** |
| Petitioner, : | (Judge Mariani) |
| v. : | |
| **WARDEN SAUERS,** : | |
| Respondent : | |

### ORDER

**AND NOW,** to wit, this 4th **DAY OF OCTOBER, 2012,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** for lack of jurisdiction.

2. All pending Motions are **DENIED** as moot.

3. The Clerk of Court shall **CLOSE** this case.

_____
Robert D. Mariani
United States District Judge